**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| AMERICAN RENT-A-CAR,<br><br>　　Plaintiff,<br><br>　　v.<br><br>NORFOLK AIRPORT AUTHORITY,<br><br>　　Defendant. | Case No. 2:26-cv-643 |

## **MEMORANDUM OPINION**

Plaintiff American Rent-A-Car filed a verified complaint that chiefly alleges Defendant Norfolk Airport Authority violated American's rights under the Equal Protection Clause of the Fourteenth Amendment by terminating the company's contract to operate at the airport because American failed to obtain certain insurance coverage required under the contract. ECF No. 1. American also brings a breach of contract claim based on terms that prohibit discrimination and seeks a declaratory judgment that the Airport Authority waived the insurance requirement and that the relevant contract term was impossible to perform. *Id.* at 10, 12–14.

On June 23, 2026, American filed an emergency motion for a temporary restraining order (TRO). Because American did not demonstrate that it is likely to succeed on the merits of its claims,[1] the Court denied the motion in a minute order

---

[1] The Court considered the arguments in the briefing and concluded that oral argument on the motion was not necessary. *See* Fed. R. Civ. P. 18; E.D. Va. Civ. R. 7(J).

the next day. ECF No. 8. This Memorandum Opinion documents the Court's reasoning.

## I.    BACKGROUND

At this stage, the Court assumes the allegations in the verified complaint are true. American operates a car rental business at Norfolk International Airport. ECF No. 1 ¶ 10. American's owner is Arab American. *Id.* ¶ 7. The contract between American and the Airport Authority includes provisions that obligate the Airport Authority to ensure nondiscrimination on the basis of race, creed, color, or national origin, consistent with Title VII of the Civil Rights Act of 1964. *Id.* ¶ 92.

The parties' contract also requires insurance coverage for "Pollution Legal Liability" and "Network Security/Privacy Liability." *Id.* ¶ 13. "Insurance companies uniformly refused to write American the required insurance policies," and American did not have the required coverage. *Id.* ¶¶ 21, 14. When American provided the Airport Authority its certificate of insurance, the Airport Authority's vice president and general counsel did not object that the certificate failed to list pollution or network security/privacy coverage. *Id.* ¶¶ 15–19. American continued to operate without pollution or network security/privacy insurance for more than seven months, until June 23, 2026, when the Airport Authority terminated American's contract for failure to comply with the insurance requirement. *Id.* ¶¶ 20, 31.

## II.    LEGAL STANDARD

A district court, in its discretion, may issue a TRO under Fed. R. Civ. P. 65(b) if the movant shows that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities

tips in its favor, and (4) injunctive relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (standard for granting a preliminary injunction); *see Variable Annuity Life Ins. Co. v. Coreth*, 535 F. Supp. 3d 488, 501 (E.D. Va. 2021) ("The standard for granting a [temporary restraining order] or a preliminary injunction is the same."). Failure on any one of the *Winter* factors requires denial of the motion for a TRO. *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2010).

## III.    ANALYSIS

American fails to demonstrate that it is likely to succeed on any of its five causes of action.

Counts I, III, and IV assert claims under 42 U.S.C. § 1983 based on "ethnic discrimination," "discrimination in the performance and termination of a contract on the basis of ancestry/ethnicity," and "deprivation of procedural due process," respectively. American does not show that it would likely succeed on any of those counts, at least because the Airport Authority is not a proper defendant. Assuming without deciding that it is a state agency, a state agency is not a 'person' for purposes of § 1983 liability. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).

American likewise fails on the first *Winter* factor as to its breach of contract claim (Count V), which turns on the same factual allegations regarding discrimination. ECF No. 1 at 12–14. To support this claim, the verified complaint alleges only that American is the only rental car company operating at the Norfolk airport that is owned by a person of Arab descent. That allegations does not even give rise to a reasonable inference that the Airport Authority illegally discriminated

3

against the company, so it falls far short of proving success on the merits is likely. *See McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015) (allegations that are merely "consistent with discrimination" are insufficient to allege discriminatory intent as required under Title VII); s*ee also Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020) (plaintiff did not state a racial discrimination claim where he "specifically alleged a non-racial reason for the termination"); ECF No. 1 ¶¶ 13–31 (alleging the Airport Authority terminated American's contract after it continued operating without required insurance).

Nor is American likely to succeed on the remaining claim, based on Virginia[2] contract law. Count II seeks a declaratory judgment that the Airport Authority waived the contractual insurance requirements and that those requirements are impossible to perform. ECF No. 1 at 10. Of course, it is possible to waive a contract right "impliedly by inconsistent conduct"—such as, perhaps, failing to object to noncompliance with a contract term or permitting a noncompliant party to continue operating under other terms of the agreement. *RMBS Recovery Holdings, I, LLC v. HSBC Bank USA, N.A.*, 827 S.E.2d 762, 769 (Va. 2019) (citation and quotation marks omitted); *see* ECF No. 1 ¶¶ 15–20 (alleging the Airport Authority did not object when American submitted a deficient insurance certificate and that American operated at the Norfolk airport without the required insurance for more than seven months). However, when such an alleged waiver is merely implied—as American alleges here, *see* ECF No. 1 ¶¶ 15–20—"it must be established by clear and convincing evidence."

---

[2] The parties' agreement dictates that Virginia law governs interpretation of the contract. ECF No. 1-1 at 83.

*RMBS Recovery Holdings*, 827 S.E.2d at 769 (citation and quotation marks omitted). Given the context of the contract at issue here—i.e., aviation safety—and the fact that the verified complaint alleges the Airport Authority has in fact sought to enforce the insurance requirement, the Court is skeptical that American could meet that standard.

As to the second theory under Count II, the verified complaint does not even allege that the contract was legally impossible. The doctrine of impossibility encompasses contract terms that are *inherently* impossible, not those the promisor finds *functionally* impossible to perform. *See Lehigh Portland Cement Co. v. Virginia S.S. Co.*, 111 S.E. 104, 108 (Va. 1922) ("Unless an act is inherently impossible within itself, a contract to do it is binding, although the performance may be improbably, or even impossible, to the promisor."). No matter how "inconvenien[t] [] or even impracticabl[e]" it might have been for American to secure the insurance coverage required under its contract, that does not "excuse performance" as impossible. *Id.*

## IV.    CONCLUSION

Because Plaintiff American Rent-A-Car did not demonstrate a likelihood of success on any of its five claims, the emergency motion for a temporary restraining order (ECF No. 2) was **DENIED**.

_____
/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 25, 2026

5