**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

| | |
|---|---|
| AMERICAN RENT-A-CAR,<br><br>    Plaintiff,<br><br>    v.<br><br>NORFOLK AIRPORT AUTHORITY,<br><br>    Defendant. | Case No. 2:26-cv-643 |

### OPINION & ORDER

The Court has twice denied Plaintiff American Rent-A-Car's requests for temporary restraining orders against Defendant Norfolk Airport Authority. ECF Nos. 8–9, 13. Now, without applying the relevant standard, American asks the Court to revisit its latest decision. ECF No. 14. Because American does not identify a legal ground for reconsideration, its motion will be **DENIED**.

"[A]ny [interlocutory] order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (a district court has "the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment"). But not simply because the moving party would prefer a different outcome.

"A district court may grant a motion for reconsideration under Rule 54(b): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-363, 2014 WL 2121563, at

*1 (E.D. Va. May 20, 2014) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (articulating the same standard for motions to amend a judgment under Fed. R. Civ. P. 59(e)).

Because American does not lay out the legal basis for its request, the Court will discern what it must be. American does not contend that there has been a "change in controlling law" since the Court's decision yesterday. *LaFleur*, 2014 WL 2121563, at *1. (Indeed, the second TRO motion relied on Virginia contract principles—a prototypically old body of law.) And while American does attach new exhibits to the motion for reconsideration, it does not claim any of that evidence was "not available earlier." *Id.* Nor does American argue that the Court made a "clear error of law" in denying the most recent TRO motion. *Id.*[1] (In fact, the motion for reconsideration cites no law at all. ECF No. 14.)

Instead, American admits it "file[d] this motion just to ensure it properly presents [the] position" it already advanced on the most recent TRO motion. ECF No. 14 at 2. That is not an appropriate basis for reconsideration. *See Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (unpublished) ("relief is not authorized" when a motion for reconsideration "raises no new arguments[] but merely requests the district court to reconsider a legal issue or to change its mind").

---

[1] Clear error in the Rule 59(e) sense occurs where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008); *see also United States v. Martinez-Melgar*, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (citation and quotation marks omitted).

At best, American might be trying to claim that denial of its second TRO motion constitutes "manifest injustice" because the Court misunderstood its argument about a purported right to cure its breaches of contract. *LaFleur*, 2014 WL 2121563, at *1; *see Tiber Creek Partners, LLC v. Ellume USA LLC*, No. 1:23-cv-148, 2023 WL 5987385, at *3 (E.D. Va. Aug. 1, 2023), *aff'd*, No. 23-1882, 2025 WL 1950071 (4th Cir. July 16, 2025) (adopting the rule applied in this District that 'manifest injustice' occurs where the court "has patently misunderstood a party, [] has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension"); ECF No. 14 at 2 (reconsideration motion, asserting "the [s]econd TRO request was not based on the insurance requirement" but also arguing the Airport Authority relies on insurance requirement improperly, because American has a "right to cure the insurance deficiencies in 30 days"); *see also* ECF No. 12 at 2 (second TRO motion, arguing that by giving "American [five] business days to cure" its breaches, the Airport Authority "nullified / made moot the 30[-]day right to cure the insurance requirements").

The Court did not misunderstand American's argument. The Opinion and Order on the second TRO motion did not address the 'right to cure' assertion because the parties' contract does not include such a right. *See* ECF No. 10-1 (providing no right to cure, with respect to the insurance requirement or otherwise).[2] Therefore,

---

[2] American asserts that the contract "grants [it] the right to cure the insurance deficiencies in 30 days," but that is incorrect. ECF No. 14 at 2. The Court noticed this misapprehension on American's part when it considered the second TRO request. But since the issue did not affect the outcome of the motion, the Court stopped short of

denial of a 'right to cure' has little to no effect on American's likelihood of success on the merits of any claim in the amended complaint.[3]

The rest of the reconsideration motion simply restates the arguments the Court addressed in its most recent Opinion and Order. *Compare* ECF No. 14 at 2–3 *with* ECF No. 13 at 4–5. The Court will not repeat itself on those points here. *See Pritchard*, 3 F. App'x at 53.

Plaintiff American Rent-A-Car's motion for reconsideration (ECF No. 14) is **DENIED**.

/s/ *JKW*

Jamar K. Walker
United States District Judge

Norfolk, Virginia
July 7, 2026

---

laying out—for American's adversary in this matter and for the public—what appeared to be an error born of misreading or not reading at all. But now that American has implied that the *Court* made an error, the Court must explain why American is wrong.

American cites the Airport Authority's initial notice letter, which provides for a five-day cure period and references Article IX of the contract. ECF No. 14 at 2 (citing ECF No. 14-1 at 3). Article IX does not lay out a 30-day right to cure. ECF No. 10-1 at 35–36. It does require American to provide an "insurance certificate" that indicates the Airport Authority "will be given at least [30] days advance written notice of cancellation or nonrenewal of any [required] insurance." Perhaps that is the 30-day provision American is referring to. But that clause does not create a right for American at all, nor a 'right to cure' for anyone.

Instead, whatever right to cure American might have appears to have arisen from the Airport Authority's initial notice. *See* ECF No. 14-1 (initial notice, providing a "cure period" of "five [] business days"); *see also* ECF No. 10-6 (default notice, citing the same five-day period); 10-7 at 2 (termination letter, citing "American's failure to cure . . . *as required by the Authority's [n]otice of [d]efault*") (emphasis added). Therefore, it cannot form the basis for a breach of contract under Count V.

[3] If such a right existed and were denied, that might be evidence of discriminatory intent, which would be relevant to American's claims. But American fails to demonstrate that any 30-day right exists at all, *see supra* n.2, so the Airport Authority's action after five days does not constitute evidence of discrimination.